FILED
2011 Feb-10 PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATASH M. CIERS, *for C.C.H.*, | ] |
| Plaintiff, | ] |
| vs. | ] 2:09-CV-02589-LSC |
| MICHAEL ASTRUE, Commissioner, Social Security Administration, | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

Plaintiff, Latish M. Ciers, on behalf of her minor child, C.C.H. ("Claimant"), appeals the decision of the Administrative Law Judge ("ALJ") denying her application for Child's Supplemental Security Income ("SSI"). Plaintiff has timely pursued and exhausted her administrative remedies, and the decision of the ALJ is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Claimant was nine years old at the time of the ALJ's decision. (Tr. at 17.) Plaintiff believes that her son became disabled on August 25, 2007, due to asthma.

When evaluating the disability of a child, the regulations prescribe a three-step sequential evaluation process. *See* 20 C.F.R. § 416.924(a). The first step requires a determination of whether the child is "doing substantial gainful activity." *Id*. If he is, then the child is not disabled and the evaluation stops. *Id*. If the child is not engaged in substantial gainful activity, the second step requires the ALJ to determine whether he suffers from a severe impairment or combination of impairments. *Id*. An impairment is considered "severe" if it causes more than minimal functional limitations. *Id*. § 416.924(c). If the impairments are not severe, the analysis stops. *Id*. § 416.924(a). However, if the impairments are "severe," the third step requires the ALJ to determine if one or more of the impairments meets or equals an impairment listed in Appendix 1 to Subpart P of Part 404. *Id*. If the child has such an impairment and it meets the durational requirement, the ALJ will find that he is disabled. *Id*. If each of the criteria enumerated in the listings is not met, the ALJ must decide

whether the impairment or combination of impairments "functionally equals" the severity of any listed impairment. *See id*. § 416.924(d).

When assessing a child's functional limitations, the ALJ considers all of the relevant factors, such as: how well the child can initiate and sustain activities, how much extra help he or she requires, the effects of structures or supportive settings, how the child functions in school, and the effects of medications or other treatments on the child's health. *Id*. § 416.926a. To determine functional equivalence, the ALJ must evaluate the child's limitations in the following six functional areas, called domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) the ability to care for himself; and (6) health and physical well-being. *See id*. § 416.926a(b)(1)(i-vi). An impairment, or combination of impairments, functionally equals a listed impairment if it results in either "marked" limitations in two of the previously mentioned domains or an "extreme" limitation in one domain.[1] *See id*. § 416.926a(a).

---

[1] For purposes of deciding the overall limitation in the six functional domains, a "marked" limitation is one that "seriously" interferes with functioning, and an "extreme" limitation is one that "very seriously" interferes with functioning. *See* 20

Applying this sequential evaluation, the ALJ found that Claimant has not engaged in substantial gainful activity at any time relevant to the decision. (Tr. at 17.) Based on the evidence presented, the ALJ concluded that Claimant's asthma is considered "severe" according to 20 C.F.R. § 416.924(c). *Id.* Nonetheless, the ALJ determined that this impairment, when considered singularly or in combination, did not medically meet or equal the severity of any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) In evaluating functional equivalence, the ALJ found that Claimant does not have an impairment that meets or medically equals the listings in 20 CFR 416.924(d) and 416.926(a). (*Id.* at 22.) In the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for yourself, the ALJ found Claimant has "no limitation." (*Id.* at 23-27.) In the areas of moving about and manipulating objects and health and physical well-being, the ALJ found Claimant has "less than marked limitation." (*Id.* at 25-26, 27-28.) The ALJ concluded by finding that "[t]he claimant has not been disabled, as defined

---

C.F.R. § 416.926a(e)(2) and (3).

by the Social Security Act, since August 25, 2007, the amended alleged onset date." (*Id.* at 28.)

II.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "[d]espite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Plaintiff filed the instant action on December 28, 2009, asking for judicial review of the ALJ's decision. (Doc. 1.) However, Plaintiff failed to submit any brief, argument, list of authorities, or statement in support of her appeal. The Commissioner submitted a brief (Doc. 10), and Plaintiff did not submit a reply. Deadlines for submissions have passed, and the issues in this case are ripe for decision. Plaintiff has failed to point to any errors in the ALJ's opinion, despite having three opportunities to do so: (1) the

complaint, (2) an initial brief in support of her claim, and (3) a reply to the Commissioner's brief.

This Court, however, has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record.  Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence.  The ALJ did not err when he concluded that Claimant is not disabled.

IV.   Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done this <u>10th</u> day of <u>February 2011</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297